[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action the plaintiff is seeking money damages from the Town of East Haven, and Raymond Farina, for injuries allegedly suffered in a fall on the front steps of the Hagaman Public Library on June 23, 1993.
The complaint is in four counts. The first count is directed at the Town and alleges a claim of public nuisance. The second count is also directed at the Town and has been treated by both parties as being brought under Section 13a-149 of the Conn. General Statutes, generally referred to as the highway defect statute. The third count is against Raymond Farina, the head of the Town's Department of Public Services, and is based on negligence. The fourth and last count is directed at the Town and seeks indemnification by the Town for any judgment rendered against Farina pursuant to section 7-465 of the Connecticut General Statutes.
The plaintiff was leaving the library through the front exit on June 22, 1993 at approximately 11:45 a.m. when she turned her right ankle and sustained some personal injuries. The library was owned by the Town, which was responsible for its maintenance and condition. The plaintiff was thoroughly familiar with the front door and steps, having gone to the library on several prior occasions and on that day had entered through the same area shortly before her fall. She claims to have turned her right ankle on the first step after one passes through the double exit doors. The two doors swing outward over a white stone surface that extends 20 1/2 inches from the sill of the door to a single step of between 4 3/8 and 5 inches down to a wide red brick landing. This landing extends approximately three feet and is CT Page 11661 level with a white stone surface which extends another two feet to a series of three steps to another red brick landing. This landing then leads to five steps down to the sidewalk. There are handrails on both the three step and five step stairs.
The plethora of allegations in support of count one through three all focus on the first step which the plaintiff claims caused her injuries. The first count alleges that there were no warning signs advising the library patrons of the existence of the single step, that there was too short a distance from the doors to the step for one to recognize the existence of the step, and that the floor and the step violated various building and safety codes. The second count, which the parties agree is a claim under the defective highway statute, repeats the allegations of the first count, and then alleges that the Town permitted the dangerous condition to exist, that it failed to post warning signs, that it didn't inspect and remedy the condition, that it knew of the dangerous condition, that it failed to warn the plaintiff, and that it constructed the exit in such a manner as to violate normal safety standards, and in violation of the National Fire Protection Association 101 Life Safety Code and the Connecticut State Fire Safety Code. The third count combines the allegations of the first and second counts and directs them at Raymond Farina.
The plaintiff's expert testified that the step was inherently hazardous because of its location near the door and the fact that it was a single riser. In addition, the expert testified that the step and its proximity to the doors violates the Life Safety Code because the floor on the outside of the exit doors does not extend for a distance at least equal to the width of the widest door. However, the code contains an exception for existing buildings where the door discharges to the outside and allows the floor level outside the door to be one step lower than the inside. In an effort to avoid the effect of the foregoing exception, the plaintiff points to a provision in the State Basic Building Code which provides that when existing buildings are altered or repaired to an extent specified in the Basic Code, then the building must conform to the full requirements of the Basic Code for new buildings. The plaintiff has failed to prove that any alterations to the library satisfied the specifications required for the Basic Code provision to apply. Therefore, the exception covering existing buildings referred to in the Life Safety Code covering existing buildings is applicable. In addition, the plaintiff has failed to suggest any provisions of CT Page 11662 the State Basic Building Code which the library exit violates. In summary, the plaintiff has failed to prove any violations of any code.
One of several essential elements that the plaintiff must prove to prevail on any of the first three counts is that the step and its location was in some way dangerous or defective. This step had existed in that condition and location for many years prior to June 22, 1993, and obviously many persons had entered and exited that door. There was no evidence indicating that anyone else had ever had a problem with the step in question. This indicates that the step was not "inherently hazardous" as claimed by the plaintiff. In fact the plaintiff herself had used that exit on several prior occasions without incident. There is a clear contrast between the white stone area adjacent to the doors and the large red brick area at the bottom of the single step. The fact that there is a step in that location is apparent to anyone who is exiting the library. Warning signs or a luminous strip at the edge of the step was not reasonably necessary.
In the opinion of the court the plaintiff has failed to prove that the step and its location were defective or dangerous or not reasonably safe, and therefore has failed to prove the existence of a nuisance, or that the Town failed to keep the library entrance in a reasonably safe condition, or that Mr. Farina was negligent in anyway.
Judgment may enter in favor of the defendants on all four counts of the complaint.
Hadden, J.T.R.